FILED 19 SEP '11 10:42 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**VINCENT WEED,**

             Plaintiff,

    v.

**MICHAEL J. ASTRUE,**

             Defendant.

Civil No. 10-00656-TC

**FINDINGS AND
RECOMMENDATION**

COFFIN, Magistrate Judge:

Plaintiff Vincent Weed ("Weed") seeks judicial review of the Social Security Commissioner's final decision denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. § 405(g). For the reasons that follow, the Commissioner's decision should be affirmed.

1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

Born in 1962 (Tr. 27), Weed reports a high school education by general equivalency degree. Tr. 56. He alleges disability beginning November 30, 2000 (Tr. 53, 206) due to paraphilia, paranoid schizophrenia, and Asperger's syndrome. Tr. 53-54, 206. The Commissioner denied his applications initially and upon reconsideration. An Administrative Law Judge ("ALJ") held a hearing on October 30, 2006, and subsequently found Weed not disabled on November 14, 2006. Tr. 12-18. On December 11, 2008, this court reversed and remanded the matter for further proceedings. Tr. 175-77. The ALJ held a second hearing on March 24, 2010 (Tr. 305-16), and again found Weed not disabled on April 1, 2010. Tr. 164-73. Weed again appeals.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. § 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If he is, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve-month duration requirement. 20 C.F.R. §§ 416.909, 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, he is not disabled. Id.

At step three, the ALJ determines if the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 416.920(a)(4)(iii). If the ALJ determines the impairment meets or equals a listed impairment, the claimant is disabled. 20 C.F.R. § 416.920(d).

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other

relevant evidence in assessing the claimant's RFC. The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his impairments. 20 C.F.R. § 416.920(e); Social Security Ruling ("SSR") 96-8p. The ALJ uses this information to determine if the claimant can perform her past relevant work at step four. 20 C.F.R. § 416.920(a)(4)(iv).

If proceedings reach step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. 20 C.F.R. § 416.920(a)(4)(v); Yuckert, 482 U.S. at 141-2; Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).

The initial burden of establishing disability rests upon the claimant. Tackett, 180 F.3d at 1098. If the process reaches the fifth step, the burden of production shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." Id. at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 416.966; 416.920(g).

## THE ALJ'S FINDINGS

The ALJ found that Weed had not engaged in substantial gainful activity since his July 15, 2004, application date, and found Weed's schizoid personality disorder, history of paranoid schizophrenia, and paraphilia "severe" at step two in the sequential proceedings. Tr. 167. The ALJ found that these impairments did not meet or equal a listed disorder at step three, and assessed Weed's RFC:

> [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant is precluded from all public

3 - FINDINGS AND RECOMMENDATION

> contact and teamwork; he should have no more than occasional
> contact with coworkers and supervisors. The claimant would work
> best alone. Tr. 168.

At step four, the ALJ found that Weed had no past relevant work because this court deemed it

sheltered work. Tr. 171. At step five, the ALJ found that Weed could perform work as a

cleaner/housekeeper, sweeper/cleaner, and janitor. Tr. 172. The ALJ therefore found Weed not

disabled.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied

proper legal standards and the findings are supported by substantial evidence in the record. 42

U.S.C. § 405(g); Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).

"Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v.

Comm'r of the Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala,

53 F.3d 1035, 1039 (9th Cir. 1995). It is "such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion." Id.

This court must weigh the evidence that supports and detracts from the ALJ's conclusion.

Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715,

720 (9th Cir. 1998). The reviewing court may not substitute its judgment for that of the

Commissioner. Id. (citing Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

2006), see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations

of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id., see

also Batson, 359 F.3d at 1193. However, this court cannot now rely upon reasoning the ALJ did not

assert in affirming the ALJ's findings. Bray v. Comm'r, Soc. Sec., 554 F.3d 1219, 1225-56 (9th Cir.

2009), citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947); see also Connett v. Barnhart, 340

F.3d 871, 874(9th Cir. 2003), citing same.

## DISCUSSION

Weed makes one assertion of error, claiming that the ALJ's finding that he could

perform work in the national economy was based upon improper vocational expert testimony. Weed

consequently asserts, without explanation, that he should be found disabled.

## I.    The ALJ's Step Five Findings

Weed asserts that the ALJ's RFC finding that, in addition to no public contact, he "would

work best alone" establishes that he is unable to perform work identified by the vocational expert

at step five in the sequential proceedings. Pl.'s Opening Br. 8. The Commissioner responds that this

analysis misconstrues the ALJ's RFC finding and subsequent questions to the vocational expert.

Def.'s Br. 5.

### A.    Vocational Expert's Testimony

At step five in the sequential proceedings, the ALJ determines if the claimant can perform

work in the national economy. 20 C.F.R. § 416.(a)(4)(v). Here the ALJ may take administrative

notice of the occupational data contained in the Dictionary of Occupational Titles ("DOT"), or draw

upon a vocational expert's testimony to show that a claimant can perform work in the national

economy. 20 C.F.R. § 416.966(d-e). The ALJ's questions to the vocational expert must include all

properly supported limitations, Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001).

As noted, the ALJ's RFC restricted Weed from all public contact and teamwork, and allowed

him no more than occasional contact with coworkers and supervisors. Tr. 168. The ALJ followed

this assessment with the clause that Weed "would work best alone." Id.

5 - FINDINGS AND RECOMMENDATION

Weed argues that the ALJ failed to restrict him to working "alone" in his hypothetical questions to the vocational expert, and failed to ask the vocational expert whether the identified positions would be consistent with a need to work "alone." Pl.'s Opening Br. 7-8. The Commissioner responds that the ALJ's hypothetical question to the vocational expert reflects the ALJ's RFC. Def.'s Br. 5-6.

The record supports the Commissioner's submission. The ALJ addressed the vocational expert as follows: "This person should have only occasional contact with co-workers and supervisors and should have no team work and no public contact." Tr. 311. The ALJ's RFC did not in fact restrict Weed to working "alone;" it stated only that, under optimal conditions, Weed "would" work best alone. Tr. 168. Weed points to no authority establishing that omission of this clause is reversible error. As a matter of construction, "would" qualifies the associated verb,[1] and does not carry the imperative direction associated with "should." Therefore, the ALJ's omission of the clause from his questions to the vocational expert is not erroneous.

## B.     Dictionary of Occupational Titles

Weed also asserts that the vocational expert's testimony conflicts with the <u>DOT</u>. Pl.'s Opening Br. 11.

The ALJ may rely upon a vocational expert's testimony rather than the <u>DOT</u> when the issue is "complex," 20 C.F.R. § 416.966(e), or when "the record contains persuasive evidence to support the deviation." <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1435 (9th Cir. 1995). The decision to use a vocational expert is reserved for the Commissioner. 20 C.F.R. §416.966(e).

---

[1] <u>See</u> Bryan A. Garner, <u>A Dictionary of Modern Legal Usage</u>, 2d ed. (1995), 943.

The vocational expert testified that a person limited to "no public" contact could perform the indicated positions as a cleaner/housekeeper and janitor, and concurrently noted the <u>DOT</u> citations pertaining to these positions. Tr. 311-13. Weed asserts that the <u>DOT</u> suggests that some public contact may be necessary in performing these jobs. Pl.'s Opening Br. 12.

The <u>DOT</u> expresses no clear limitations regarding the public contact expected of a janitor (<u>DOT</u>, <u>available</u> <u>at</u> 1991 WL 382.664-010), housekeeper ( <u>DOT</u>, <u>available</u> <u>at</u> 1991 WL 672783), or sweeper/cleaner. <u>DOT</u>, <u>available</u> <u>at</u> 1991 WL 673279. The record also shows that the ALJ asked the vocational expert whether his testimony conflicted with the <u>DOT</u>, and the vocational expert answered that it did not. Tr. 313. For both these reasons, Weed fails to establish that the vocational expert's testimony and the ALJ's subsequent findings deviate from the <u>DOT</u>.

Further, even if the ALJ's findings did conflict with the <u>DOT</u>, the ALJ may still rely upon vocational expert testimony when it deviates from the <u>DOT</u>, so long as the record contains evidence to support the deviation. <u>Johnson</u>, 60 F.3d at 1435-36. Such evidence may include testimony regarding the local job market and testimony "matching the specific requirements of a designated occupation with the specific abilities and limitations of the claimant." <u>Id.</u> (citing <u>Villa v. Heckler</u>, 797 F.2d 794, 798 (9th Cir. 1986)). Here, the vocational expert cited the number of jobs available in Oregon (Tr. 312), and specifically stated that the indicated positions "require very little in the way of supervisory contact," and no public contact. Tr. 313. This testimony is sufficient to support reliance upon a vocational expert's testimony rather than the <u>DOT</u>, and Weed therefore fails to establish error regarding any discrepancy between the vocational expert's testimony and the <u>DOT</u>.

In summary, Weed does not show that the ALJ improperly omitted a limitation to working "alone" from his questions to the vocational expert, or show subsequent error in the ALJ's reliance

upon the vocational expert's testimony. The ALJ's decision should therefore be affirmed.

## CONCLUSION AND RECOMMENDATION

The Commissioner's decision that Weed did not suffer from disability, and is not entitled to benefits under Title XVI of the Social Security Act, is based upon correct legal standards, and supported by substantial evidence. The Commissioner's decision should be AFFIRMED for the forgoing reasons.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

IT IS SO ORDERED.

Dated this ⎰ day of September, 2011.

_____
Thomas M. Coffin
United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION